**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1761**

NICKESHIA M. LAWRENCE, in her own right and as parent and
next friend of R.A., an infant,

　　　　　　　Plaintiff - Appellant,

　　　v.

CARILION MEDICAL CENTER, d/b/a Carilion Roanoke Community
Hospital,

　　　　　　　Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James C. Turk, Senior
District Judge. (7:08-cv-00108-jct)

Submitted: February 8, 2010　　　　Decided: March 4, 2010

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James J. O'Keeffe, IV, S.D. Roberts Moore, Monica T. Monday,
GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellant.
Charles L. Downs, Jr., Robert M. Doherty, WOOTENHART, PLC,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nickeshia M. Lawrence sued Carilion Medical Center d/b/a Carilion Roanoke Community Hospital ("Carilion"), for medical malpractice in failing to perform a Caesarian section when Lawrence was giving birth to her son. After a five-day trial, the jury returned a verdict in favor of Carilion. Lawrence appeals the district court's entry of judgment, claiming that the court erred when it rejected her Batson v. Kentucky, 476 U.S. 79 (1986), challenge to Carilion's peremptory strike of an African-American juror.[1] We affirm.

As the Supreme Court held in Batson, the use of a peremptory challenge for a racially discriminatory purpose offends the Equal Protection Clause. Id. at 89. We give "great deference" to the trial court's findings as to whether a Batson violation occurred, and we review the district court's findings for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995).

A three-step process is used to analyze a Batson claim:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the

---

[1] In Edmonson v. Leesville Concrete Co., 500 U.S. 614 (1991), the Supreme Court extended the Batson rule to civil cases.

requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Hernandez v. New York, 500 U.S. 352, 358-59 (1991) (citations omitted).  When conducting this analysis, "the decisive question [is] whether counsel's race-neutral explanation . . . should be believed."  Id. at 365.

Here, Carilion's counsel stated that he struck the African-American juror because she had had a Caesarian section and he wanted to avoid jurors with this characteristic. Carilion's counsel also struck two other white jurors who had undergone Caesarian sections.  By articulating a race-neutral reason for the strike, Carilion satisfied its burden at the second step of the analysis.

At the third step, the burden shifted to Lawrence to prove that the explanation given was "a pretext for discrimination."  United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008), cert. denied, 129 S. Ct. 743 (2008).  The party must "show both that [counsel's stated reasons for the strike] were merely pretextual and that race was the real reason for the strike."  United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994).  In making this showing, the party "may rely on all relevant circumstances to raise an inference of purposeful

3

discrimination." Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (internal citation and quotation marks omitted).

Here, Lawrence did not challenge Carilion's race-neutral explanation for striking the African-American juror. The failure to argue pretext after the challenged strike has been explained constitutes a waiver of the initial Batson challenge. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir. 1998). Even if there were no waiver, Lawrence failed to establish that race was the actual reason Carilion's counsel struck the African-American juror.[2]

Because the district court did not clearly err in rejecting Lawrence's Batson challenge, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Lawrence points out that one white juror who had had two Caesarian sections was seated on the jury. Her procedures however, occurred some twenty years prior to the trial. Because each party was limited to three peremptory strikes, we find it entirely reasonable that Carilion's counsel chose to leave on the jury the woman whose Caesarian sections had occurred so remotely. See 28 U.S.C. § 1870 (2006).

4